Bryan Ashley Driskell et al. v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00340-CR

Â Â Â Â Â BRYAN ASHLEY DRISKELL
Â Â Â Â Â AND HILL BAIL BONDS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellants
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the County Court
Bosque County, Texas
Trial Court # 3501
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â 
Â Â Â Â Â Â This appeal is one of five cases involving the same issues. We will summarily apply our
ruling from another case and affirm the judgment.
Â Â Â Â Â Â Hill Bail Bonds (HBB) is the surety on a bail bond for $500, on which Bryan Ashley
Driskell is the principal and the person charged with the offense. After he failed to appear,
judgment nisi was entered. He was arrested three months later. On final hearing, the court
heard evidence and arguments, then entered judgment for 25% of the bond amount. HBB
appeals from that ruling.
Â Â Â Â Â Â In two issues, HBB asserts: (1) the court abused its discretion, because it applies the same
formula to all bond-forfeiture cases and did not review any factors appropriate to a
determination of the amount of the remittitur; and (2) HBB is entitled to a greater remittitur
because a decision of the Court of Criminal Appeals was wrong because it did not take certain
legislative history into account.
Â Â Â Â Â Â The State initially says that the issues are not preserved for our review because no
objection was made to the amount of the remittitur, to the application of the schedule, or the
failure to remit the entire bond. No motion for new trial or to modify the judgment was filed. 
The appeal is, however, from a final judgment, and the record is clear that HBB was arguing
for a greater, or complete, remittitur. Thus, we believe that the issues are properly before us.
Â Â Â Â Â Â In a case involving the essentially the same facts and arguments, we determined that the
court did not abuse its discretion. Burns and Hill Bail Bonds v. State, No. 10-00339-CR slip
op. at 4 (Tex. App.âWaco May 5, 2004, no pet. h.). Based thereon, we overrule both of
HBBâs issues in this case. We affirm the judgment.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Before Chief Justice Gray,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Reyna
Affirmed
Opinion delivered and filed May 5, 2004
Do not publish

[CV06]



.0pt;font-family:
 "CG Times"'>, Texas

Trial Court # 95619

Â 



DISSENTING Opinion



Â 








Â 

   I
fail to see why we should undermine the legislature and the agreement of the
parties.Â  We only interpret a statute
when it is ambiguous.Â  Section
35.53(a)(3) expressly and unequivocally states that section 35.53 does not
apply to a contract if former section 1.105 of the Code applies.Â  Tex.
Bus. & Com. Code Ann. Â§ 35.53(a)(3) (Vernon 2002).

Â Â Â Â Â Â Â Â Â  There
is no dispute that this agreement meets the requirements to make former section
1.105 applicable.Â  See Tex. Bus. & Com.
Code Ann. Â§ 1.301 (Vernon Supp. 2004-2005).Â  Drug Test
simply wants us to construe that it does not apply.Â  

Â Â Â Â Â Â Â Â Â  The
purpose of the statutes and their interaction seems very practical to me.Â  A forum-selection clause dispels any
confusion about where suits arising from the contract must be brought and
defended, which spares litigants the time and expense of pretrial motions to
determine the correct forum and conserves judicial resources.Â  In re
AIU Ins. Co., 2004 Tex.
LEXIS 783, *10, 47 Tex. Sup. J. 1093 (Tex. Sept. 3, 2004).Â  If
both states have a reasonable relationship to the transaction, the parties can
agree to resolve their disputes under the contract in either forum, and that
part of the agreement need not draw any particular attention to itself by type
style or size of print.Â  Tex. Bus. & Com. Code Ann. Â§ 1.301
(Vernon Supp. 2004-2005).

Â Â Â Â Â Â Â Â Â  But
if the parties to an agreement want the law of some other state to apply to the
transaction, the law of a state that does not otherwise bear a reasonable
relationship to the transaction, then that provision must be conspicuously set
out in the agreement.Â  Tex. Bus. & Com. Code Ann. Â§
35.53(b) (Vernon 2002).Â  This makes a lot
of sense to me.Â  Only when the parties
are choosing the law of a state unrelated to the transaction, an
agreement the parties can make, must that provision by its type style or size
of print, draw attention to itself.

Â Â Â Â Â Â Â Â Â  These
parties agreed that the law of a state that was reasonably related to their
transaction applied.Â  Because former
section 1.105 of the Code applies to this contract, section 35.53 does
not.Â  I do not know how the legislature
could have made it any clearer.Â  I would
affirm the trial courtÂs decision.Â  Because
the Court does not, I respectfully dissent.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Â 

Dissenting opinion delivered and filed December 8, 2004